Thank you, Your Honors, and may it please the Court. My name is Michelle Williams, and I represent Mr. Ayala in this matter. I'd like to reserve three minutes for rebuttal, please. Your Honors, Board of Immigration Appeals and the Immigration Judge misapplied the law when they were reviewing Mr. Ayala's claim in these proceedings, particularly when they were reviewing under the changed circumstances exception to the one-year filing deadline and when reviewing past persecution and whether his harm reached that level of persecution. I'll first address the changed circumstances argument and then move on to the past persecution. Under the law, Your Honor, you have a year to be able to apply for asylum, but Congress created an exception to that under changed circumstances, where it's saying that where an incident occurs, if it materially affects the applicant's eligibility for asylum, that one-year deadline can be told. And I think you'll agree with me that the incident has to occur before the filing of the petition for asylum? I would respectfully disagree with you, Your Honor, on that. And how could there be a changed circumstance that excuses the non-filing within a year if the changed circumstance has not occurred prior to the filing of the asylum application? Well, Your Honor, looking at the statute and the regulation, there's nothing there that talks about whether it had to be prior to the filing of the application. There has to be a changed circumstance to excuse the untimely filing, right? That is correct, Your Honor. But there's nothing... How can the changed circumstance that postdates the filing of the late asylum application be a changed circumstance which excuses the late filing? I'm puzzled by your point. Point there, Your Honor, is that the changed circumstance, while the asylum application is pending, can still be taken into consideration in this matter. Yes, the application is pending, but it's not until the case is actually adjudicated before the immigration judge where they evaluate whether there was a changed circumstance or not. And when we're looking at the legislative history of this statute, they were looking to make sure that those with legitimate asylum claims are able to continue to seek asylum and what better than while the application is pending, which could possibly be pending for years. Right now, the immigration courts are extremely backlogged. The fact that the event or the alleged changed circumstance postdated the filing of the application, that wasn't the basis of the IJ's ruling, correct? The IJ did not take into consideration the event that happened while the application was pending when he reviewed the changed circumstances. And that is what we're arguing is an error in this case. And then in terms of the BIA ruling, the BIA did not base its ruling on the fact that the alleged changed circumstance occurred after the filing, is that right? They didn't take it into consideration because it happened after he filed the asylum application. And that's where we say that there is the error in that. And why we're asking this court to review to see what the changed circumstances exception is and to review the legislative history to... I think I must not have phrased my question clearly. So this concern that Judge BIA has that a changed circumstance needs to have happened before someone files a late application, that concern, that untimeliness concern, that wasn't the basis of the BIA's finding. That it was untimely? No. Okay. That's correct, Your Honor. Sorry, I misunderstood that. And same for the IJ. So this is not an issue that either the IJ or the BIA reached. Correct, Your Honor. Why don't you go through the actual changed circumstances, whether they predate or post-date the application, because the standard of review here is obviously favorable to the BIA. And some of these factual type issues, I don't think we can review. We're not asking the court to review the factual. We're trying to ask the court to review whether the law was properly applied. So looking at the statute for changed circumstances, when it says materially, does that mean that events that occurred while the application is pending, but that happened after the application was filed, whether that falls within the purview of the changed circumstances? I thought in response to Judge Oda's question, you just said that the BIA didn't rule on that basis. The BIA didn't take it into consideration at all. They said because it was not applied, the application was already pending, we're not going to review that. The judge did the same thing. They didn't take it into consideration. Why don't you go to the merits of your changed circumstances arguments? What are the changed circumstances and why are they meritorious? To the merits to the changed circumstances? Well, in this case, Your Honor, the petitioner's daughter was attacked and sexually. What was the evidence regarding the nexus between the attack and the petitioner? Well, the nexus between it was it was his daughter. And when he was attacked or when she was attacked, then that attack was a specific threat towards the petitioner. Well, but we have a factual finding saying we don't know who the attackers were. We don't know their exact identity, but we also have in the record into the declaration from the daughter where she stated that she was certain that it was someone from Juan Reza's family and it was to send a threat to her father. That is in, sorry, Your Honor, that that is in Gabriela's declaration in the Administrative Record 224. Why is that the fact that it came from Juan Reza's family a sufficient nexus for asylum? Well, the nexus. It's not political. It's not religious. It would be based on family. A specific group? The groups in this case were based on family, particular social groups. But that's the reason why the nexus to it didn't really apply to the changed circumstances. The changed circumstances exception is just to say, do you have a chance? Can we toll this filing deadline? But it's not to say whether you qualify for asylum. They're going to be reviewing it under a different standard. And on that regards, that's where looking at past persecution analysis is, they didn't do the proper review that they had to see that the petitioner, the harm that was happening to the family members was closely tied to the petitioner. They didn't review that at all. They just said it was his family and he wasn't in Mexico. So we're not going to review this. You want to save some time for rebuttal? Yes, Your Honor. Thank you. May it please the Court? Melissa Nyman-Telting for the Attorney General. Here, Your Honors, I'm happy to address the concerns with the changed circumstances question, but I would point out that the government's position here is that the Court need not reach that question if it so chooses. It can deny the petition for review solely on the fact that it can reject Mr. Ayala's legal challenge to the past persecution claim and should find that the record does not compel a conclusion that the government was unable or unwilling to, would be unable or unwilling to protect Mr. Ayala in the future. Those separate inquiries are equally dispositive of both asylum and withholding of removal, such that even if- Let me get to those separate inquiries. So government, it's your position that the BIA correctly found that the assault on the daughter was a continuation of an ongoing threat, is that right? In regard to the changed circumstances inquiry? Yes. Yes, Your Honor, the board there found that even considering a post-filing event, and since we're here, I'll go ahead and correct the record that the IJ did, in fact, at page four of the record, no, page four of the IJ's decision, did say that the attack was, did post-date the filing. So the IJ did rely on that as a basis to deny that piece of the changed circumstances calculus. The board then, in responding to petitioner's argument on appeal before the board, where he argued that that event should be taken into account for changed circumstances, the board, even assuming that that event could be part of the calculus, which it should not, the board acknowledged that it was a continuation of the threats that Mr. Ayala's family and Mr. Ayala had received while, both while he was in Mexico and while he was in the United States. Okay, so what the board found was that the attack on the daughter was either that continuation or basically another instance, an additional instance or additional evidence of a series of threats that had already gone on. Correct, Your Honor. So it was one of a related set of threats, and just the latest one, one that doesn't constitute a whole different threat. Didn't meet that threshold, Your Honor, correct, to show a material change in Mr. Ayala's asylum eligibility. Yes, and I understand that you're arguing that in your papers, but in the BIA's decision, does the BIA discuss whether this newest threat materially affects eligibility? Yes, Your Honor. On page four of the record, first it adopts the immigration judge's factual findings and it cites the IJ's decision at two to five, and it's at IJ page four where the IJ rejected the post-filing event because consistent with the language of the regulation and the language of the statute, a post-filing event could not be a change in circumstances, and you could not show that an application was filed within a reasonable period given, quote, those conditions. Where are you? Where are you reading from? I was circling first to, and I apologize, I'm straight from Your Honor's question. Let me answer that first. The language that you're looking for, is it page four of the record, the last full paragraph? Is that the one that starts, in addition, the respondent claims? Yes, Your Honor. Okay, and so in this paragraph, and this was the same paragraph where I was looking for that materially affects analysis, and I don't see it. I just see a sentence with some factual findings, and it concludes with, consequently, even if his daughter's assailant was a RAISA family member, we find this incident is a continuation of an ongoing threat and not a change in circumstances. So where's that analysis in whether this last in a series materially affects eligibility for asylum? I think that the conclusion includes the analysis because the inquiry here is whether there has been a material change in circumstances that affects this. Is there an acknowledgment that that is the inquiry here in this paragraph where he talks about this ongoing threat? I agree that's the law, but I'm asking you, it doesn't look like CBIA did that relevant legal analysis here. Well, it certainly cites the correct legal standard. I'm trying to make sure I'm following Your Honor's question. It cites the correct legal standard two paragraphs above, and then it proceeds through the facts that Mr. Ayala presented about the danger and rejects his argument on country conditions and then turns to the personal evidence specific to Mr. Ayala, and in evaluating those facts, finds that those facts do not meet the sufficient change. I'm not sure what more the court would be looking for there for the board to... It does seem in multiple points, I mean, in that paragraph and then later in a few footnotes, it reiterates the finding that we don't know who assaulted the daughter, whether it was someone from Juan Reza's family or somebody else, and that's a factual finding. Can we review that? Do we have jurisdiction to consider whether that factual finding is incorrect? We're not here, Your Honor, because we're in the context of changed circumstances, which under Ramadan is a mixed question, but it can only apply if the facts are undisputed. So here the facts have to be undisputed for the court to get to the legal question, but as I understand Petitioner's argument, it really just boils down to whether this post-filing event could be considered in the calculus for establishing a change in circumstances. And while... The facts are disputed here. Is that right? Well, I don't... If we... We didn't argue it that way, Your Honor, because if we had argued that the facts were disputed, then there would be no jurisdiction for the court to look at any of it, because that's what Ramadan says. So here it's that... But we'd be looking at whether the correct legal standard was applied. Correct. Correct, Your Honor. So here I think that... Please, go ahead. Okay. So... Because you seem to be saying two slightly different things. So are the facts disputed here or are they not? Here the facts... I do not believe that the facts are disputed, that the Petitioner's just putting a different gloss on them than what the agency said. Here the agency found, and I don't think the Petitioner disputes, that the identity of the attacker is unknown. We do not know who this man was, whether he was part of the Reza family or not. We do know from the daughter's declaration, I believe at page 211, or no, 222 of the record, that he did reference her father and threatened him not to come back. Okay. Doesn't there seem to be a factual dispute when the IJ says that the attack on the daughter is just an unrelated event, but the BIA seems to be finding that this is a continuation of an ongoing threat. So basically the last in a series of related threats. So is there factual disputes going on there or at least ambiguities? That very well may be, Your Honor, but again, I think here we need to back up a little bit and just examine the fact that here, that the court could dismiss this claim for a couple of different reasons. Let's take it to the end result if the board overstepped or made a misstatement. But here the court could still find that it should reject the changed circumstances argument for two reasons. One, the IJ did properly find that this event simply cannot be considered because it occurs post-filing. The regulations clearly show, as Your Honor pointed out earlier, it can't be a change. It cannot be a continuation. A continuing application. But the BIA did not say that, right? It did not, Your Honor. And the BIA specifically, I think, said, well, even if we consider these, you lose. And so I don't think, it's not clear to me that this issue is properly before us. The BIA, the issue of whether we can consider post-filing events. The IJ ruled on that. The BIA did not. I read the BIA to be saying two things. Number one, we don't know who these attackers were, so it doesn't really add to the fear of Juan Reza. And number two, even if it was Juan Reza, this is just a continuation. These seem to me alternative grounds. You're right, Your Honor, that the board did not specifically address the issue. The government's looking, pulling through from the IJ's decision because the board did adopt the factual findings, and it says so explicitly at the top of page four. But again, here, the second reason that the court could. Yes, I wanted to turn to that because you're running out of time. So in terms of a government willing and able to help, so there eventually was a criminal prosecution, and the perpetrator of that murder is in jail. So certainly I agree that that shows an ability, but where do we have anything in the record that shows a government willing to help in the absence of a bribe? Well, here, Your Honor, there's a few things, but I want to start with reminding the panel of the context of this unwilling and unable inquiry. Here that was the basis for the agency finding that Mr. Ayala does not have, cannot show a clear probability of future harm in Mexico. So this is a forward-looking inquiry based on past events, and so that's important. And so what we look back on is that we say that there was a willingness to eventually arrest, prosecute, and convict Mr. Reza, and so the context. With a bribe. Absolutely, Your Honor. Is there any indicia that they'd be willing to act if the Reza family or other similarly situated families just don't have the money for a bribe? It's important to remember here, Your Honor, that the standard of review is compelling, and there's no compelling evidence in this record to suggest that if Mr. Ayala were removed to Mexico and prevail himself of the police department because he's... So I'm asking a very specific question. Yes, Your Honor. What's in the record that shows a government willing to do this without a bribe? In this particular case or in general? In this case. That without a bribe, well, that's not the case that we have here, but there's nothing specifically that has been shown in the record that the police was willing to do this without a bribe. But I would remind this Court that it has evaluated cases where bribes were involved because it's not uncommon. Let's just stay with this case, so we don't have anything. No, Your Honor, we do not. But again, we'd have to look forward. That is one factor for the agency to consider. They considered that factor here. Both the IJ and the board considered the fact that, yes, it was a regular. They had to pay money for this police department to go out and arrest and convict Mr. Reza. We also don't know, the record is silent, and it's important to note the record is silent on what transpired when both Mr. Ayala or his sister Maria Lara went to the police office, police station, to request this assistance. There's certainly indicia that Mr. Reza always managed to find a way not to be available to be arrested. But again, because the inquiry is forward-looking, you have to consider, as the agency did, that we have indicia that the government did protect the Reza family, excuse me, the Ayala family, because they did ultimately arrest and convict and sentence Mr. Reza for 43 years, and no one has ever gone to the police station subsequent to that. That's the second ground that Petitioner has waived any challenge to, that says that because they did not report any of these subsequent threats, they did not report Gabriela's sexual assault, none of that has been reported, so there is silence in the record to know how the government would act now, 20 years later, if Mr. Ayala was to avail himself of that police protection. And simply because the standard is compelling evidence, Petitioner has not pointed to any evidence compelling reversal of the agency's decision on that point. If you need a bribe to get someone to do something, isn't that an indication that they wouldn't do it in the absence of a bribe? Not necessarily, Your Honor. It was an indication in that instance, 20 years ago, for that particular police station in that particular moment. It is not indicia that 20-plus years later, after Mr. Reza has been convicted, and the threats, should they ever be reported to the police, would be stemming from the family threatening this Mr. Ayala's family, and now they have a convicted murderer. And so there's nothing in the record to show that the police wouldn't take those threats seriously, given the fact that Mr. Reza has been convicted and is serving a 43-year sentence. So and again, well, I'm going to stop in case you have more questions. I think we've taken you over your time, so thank you for your argument. I appreciate the Court's indulgence. Thank you. And we'll hear rebuttal. Your Honors, on the first point, where the government was saying that the issues of government acquiescence or any of that, for the record, to compel makes this case dispositive, if your Honor. Your Honors, under Ornelas-Chavez v. Gonzalez, this Court has held, but where the BIA applies the wrong legal standard to an applicant's claim, the appropriate relief from this Court is to remand. What wrong legal standard do you claim was applied? Under the changed circumstances, there's two legal standards that we claim here, Your Honor. Under the changed circumstances, because as it was being discussed, they did not do an analysis that it was material, the BIA. They looked at it, they cited it. I don't see how you can say that. I mean, they lay out the allegations. Even the ones that post-date the filing, they consider those. They view it as a continuing, ongoing threat, and that is not the analysis under materiality. You can have a continuing, ongoing threat, and it could still be material in the case. They didn't do a full analysis under materiality. That may be, but that was one of their grounds. That's when they said, even if. But the part that precedes that is just the finding, which is then made several additional times in the footnotes that we don't know who attacked the daughter. To explain a little bit, to clarify a little bit more, Your Honor, our argument is that they didn't do the materiality analysis. They said continuation of an ongoing threat. So they said, even if we still view this as a continuation of an ongoing threat, and that's not the proper analysis under materiality, especially under this circuit's precedent where it says that the exception is meant to be broad. Well, I don't know that they have to use the word materiality. What they've said is you're pointing to an attack on the daughter. You're claiming that it was done by Juan Reyes's family, and there's not evidence of that. Therefore, it's not material. That's sort of how I read this. With all due respect, Your Honor, words matter. They do need to use the word materiality. They do need to follow the law and do the proper analysis. Or any time the board can go ahead and say, we're going to go ahead and cite, you know, to this and say materiality and then not do a proper analysis. But as long as they throw in the, you know, correct legal sentence, then they're absolved of having to do their job and to properly analyze the claim. Let me see if there's further questions for you. No. It appears not. I want to thank you for your argument this morning. I want to thank both counsel for the briefing and argument, and this case is submitted. Thank you, Your Honors.
judges: BEA, BRESS, Ohta